## CIRCUIT COURT OF HENRICO COUNTY

Bernstein

v.

Bernstein

August 9, 1972

Case No. A-542

**By JUDGE E. BALLARD BAKER**

The question is whether Irvin Bernstein can be required to pay counsel fees to the attorney for Florence Bernstein relating to a dispute over custody and visitation, this dispute reaching the courts several months after a final decree was entered.

*Portewig v. Ryder*, 208 Va. 791 (1968), *Moyer v. Moyer*, 206 Va. 899 (1966), and *Hepler v. Hepler*, 195 Va. 611 (1954), all involve custody disputes after a final decree. In *Portewig*, the wife lost in the trial court and on appeal, but the Supreme Court taxed the appellate costs and awarded counsel fees against the husband. In *Moyer*, the wife lost in the trial court but prevailed on the appeal, and the husband was ordered to pay costs of suit in each court, plus counsel fees to the wife's attorney on the appeal. In *Hepler*, the wife won in the trial court but lost on appeal, and the Supreme Court held that she should pay her own attorneys. The authority for these provisions is not stated.

In 20 Am. Jur. 2d, *Costs*, at § 72, the general rule is stated that the right to recover attorney's fees from one's opponent in litigation does not exist at common law. Such expense is not allowable in the absence of statute or rule of court, or, in some actions in equity,

under inherent powers. In 5 M.J., *Costs*, § 4, the same rule is indicated.

The provisions of §§ 14.1-177, 14.1-178 and 14.1-181, relating to the discretion of a court over costs are concerned with costs other than the obligation of a litigant to pay his own attorney.

However, it is true that a husband can be compelled to pay suit money and counsel fees for his wife in a divorce case. Section 20-103 is, of course, the statutory authorization. That section authorizes an order "at any time pending the suit. . . ." This custody dispute went into the Juvenile Court after this Court divested itself of further jurisdiction. It arguable that the Juvenile Court proceeding was not a part of the divorce suit, because the final decree made no reference to a transfer of jurisdiction under § 20-79(c). The contrary is also arguable, particularly where the Juvenile Court proceeding began with a Petition by Irvin Bernstein on April 30, 1971, reciting that the case was in the Juvenile Court under § 20-79(c) or § 20-113.

This Court is of the view that whether § 20-103 is authorization for what is requested here is immaterial, because it believes it has inherent power to award counsel fees in such custody cases. If the Supreme Court has power to award counsel fees in such custody cases for services before it, a Circuit Court should have the same power on its level, and I so hold.

Does this Court have power to award counsel fees in this case for services in the Juvenile Court? As indicated, Mr. Bernstein began the Juvenile Court proceedings with a Petition for visitation filed April 30, 1971, and then a Petition for custody, dated June 29, 1971. Mrs. Bernstein filed a Petition for custody on November 9, 1971, and on the same date gave Notice that she would request alimony *pendente lite* and support for the children. She appealed the Juvenile Court order of January 19, 1972, which denied the Petition of each for custody. The record is bare as to what happened on the alimony and support request, but in view of the fact that the final decree was silent as to alimony, it would appear no alimony was awarded. *Losyk v. Losyk*, 212 Va. 220 (1971).

It does not appear that a request was ever made to the Juvenile Court for an award of counsel fees. The

only reference to counsel fees is an order of January 10, 1972, directing Mr. Bernstein to pay $50 to counsel for Mrs. Bernstein, along with a notation that Mr. Bernstein had failed to appear, necessitating a continuance.

Whether an award of counsel fees is under § 20-103 or under inherent power, the question of how much should be awarded is a discretionary matter, dependent on many factors. The Court before which the case is tried is much better qualified to determine what portion, if any, of a litigant's counsel fees his opponent should pay in a case where any payment is authorized. As expressed in Note 16, in 3 M.J., *Costs*, § 3:

> Costs are awarded by each court in the proceeding before it. They are certain legal fees allowed by law computable from the record, whereas *attorney's fees are extrinsic to the record, not to be found from it, but dependent upon facts dehors the record.* (Emphasis added)

Upon consideration of the power of this Court to award counsel fees for services in the Juvenile Court in this case, I do not believe it can be done. There is no clear statutory authority. Mr. Bernstein is no longer the husband of Mrs. Bernstein and is under no duty to support her or contribute to her expenses. His only clear duty is to provide support for the children--and a request for counsel fees for Mrs. Bernstein is not under that duty. In any event, the award of counsel fees is a matter of discretion based upon many factors--and this Court cannot be aware of those factors as involved in the Juvenile Court proceeding. Add to that the further fact that no request for counsel fees was made in the Juvenile Court, and that therefore the Juvenile Court made no order on the issue.

Counsel fees can be awarded for services in this Court. Here, Mrs. Bernstein did prevail to some extent. She did receive custody. However, the observations of this Court are that Mr. Bernstein was not solely to blame for the case being here. Also, visitation was an issue, in addition to custody. Upon consideration, this Court is of opinion that Mr. Bernstein should not be required to pay all of Mrs. Bernstein's counsel fees in this Court.

It appears that her attorney had 11.8 hours on the case after the appeal was taken on January 27, 1972. Averaging this at $30.00 per hour produces a total fee of $354.00. The Court feels it equitable to require Mr. Bernstein to pay $200 of this to her attorney.