18764

GUIGNARD BRICK WORKS, Appellant, v. William A. GANTT, Respondent

(159 S. E. (2d) 850)

*Edward A. Harter, Jr., Esq.,* of Columbia, *for Appellant,*

*Owens T. Cobb, Jr., Esq.,* of *Lewis & Cobb,* of Colum-bia *for Respondent,*

February 27, 1968.

BUSSEY, Justice.

The sole question involved in this appeal is whether the appellant Guignard has a valid mechanic's lien upon real property of the respondent Gantt by virtue of Sec. 45-251 of the 1962 Code of Laws. Appeal is from an order of the circuit court, confirming the report of the Master, and holding that Guignard did not have a valid lien.

The facts of the case are relatively simple. Respondent Gantt entered into a contract with *Van Builders, Inc.* (which for brevity we shall refer to simply as Van), to construct a residence upon property of Gantt, the total contract price for labor and materials being $19,000.00. Van commenced but did not complete construction, and had been paid $7,000.00 by Gantt when it abandoned the contract, the dwelling being thereafter completed by Gantt. At the time of the hearing before the master Gantt had already expended $21,934.31 and was faced with the additional expenditure of something more than $7,000.00 in order to complete the building.

Prior to the time of abandonment by Van, Guignard had sold and delivered to Van, at the construction site, 22,000 brick and at the time of abandonment 15,300 of these brick had not yet been used in the construction, but were afterwards used by Gantt in the completion of the dwelling. In the present stage of the litigation Guignard claims a lien for only the brick which had not yet been used in construction when the contract was abandoned by Van. Gantt knew before he used these brick that Van had not paid Guignard therefor.

Guignard's sole contention is simply that the use of the brick by Gantt with knowledge that Van had not paid Guignard therefor constituted "consent of the owner" giving it a right to a lien under the provisions of

Sec. 45-251. The question presented is apparently a completely novel one and no case factually in point from any jurisdiction has been cited by either party. There are, however, we think, some applicable principles which have some bearing on the question. In *Williamson v. Hotel Melrose*, 110 S. C. 1, 96 S. E. 407, 415, the court said,

"It is elementary that statutory liens may not be extended by courts to include the claims of persons not specified by the statute. He who sets up such a lien must bring himself fairly within the expressed intention of the lawmakers."

The cases of *Gray v. Walker*, 16 S. C. 143; *Geddes v. Bowden*, 19 S. C. 1, and *Metz v. Critcher*, 86 S. C. 348, 68 S. E. 627, established the proposition with respect to our statute that the word "consent * * * implies something more than mere acquiescence in a state of things already in existence. It implies an agreement to that which, but for the consent, could not exist, and in which the party consenting has a right to forbid."

Under the facts of this case, it is clear that at the time the contract was abandoned by Van, Guignard had no even inchoate right to a mechanic's lien. If it now has a valid lien, the right to such arose after the abandonment by Van. There is nothing in the record to suggest that the transaction between Guignard and Van was other than a sale on open account with title to the brick passing to Van upon delivery by Guignard. The brick was, of course, furnished by Guignard to Van and was eventually used by Gantt in the completion of the building, but, when Gantt took over, the title to the brick was in Van. Insofar as Gantt was concerned, the material was furnished by Van, who was in default, and not by Guignard. Such being the case, we do not think it could soundly be argued that Gantt's use of Van's brick, with knowledge that Van had not paid Guignard therefor, constituted furnishing of material by Guignard with the consent of Gantt.

Guignard cites and relies on the case of *Rapid Fireproof Door Co., Inc. v. Largo Corp., Inc.*, 243 N. Y. 482, 154

N. E. 531, asserting that such case is very nearly in point with the instant case. A review of that decision shows that it is clearly distinguishable. There, contra to the instant case, title to the materials involved was still in the plaintiff at the time such were used by the defendant in the completion of the building, and existence of title in the plaintiff was the very basis on which the lien was held valid. The decision of the lower court, which was reversed, was grounded on the conclusion that the materials involved had not been furnished with the defendant's consent. With respect to such conclusion the Court of Appeals said,

"This conclusion is undoubtedly sound, if the plaintiff no, longer had any title to the materials at the time the defendant used them in the completion of its building."

The quoted language is in accord with and supports the conclusion which we reach, that here Guignard does not have a valid mechanic's lien.

Affirmed.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.