21945

RICE & SANTOS, INC., Respondent, v. Marvin D. JONES and Betsy Jones, Appellants.

(305 S. E. (2d) 74)

---

*G. Dana Sinkler*, Charleston, *for appellants.*
*Joseph F. Runey*, Charleston, *for respondent.*

July 6, 1983.

Lewis, Chief Justice:

This appeal is from an order of the trial judge confirming the report of the Master for Charleston County, which granted foreclosure of a Mechanic's Lien. The material facts are not in dispute.

Appellants experienced a breakdown of their furnace in their home just before Christmas, 1977. Servicemen from the respondent corporation attempted unsuccessfully to repair the furnace. In accordance with previous plans, appellants left for North Carolina to spend the Christmas vacation, returning on December 29. Prior to leaving, the key to the home was left with a neighbor so that respondent could repair the furnace in their absence.

While in North Carolina appellants were notified by respondent that the furnace had a cracked heat exchanger which would have to be ordered and could take up to three months to obtain. A new heat exchanger would cost $326.00, while a new furnace would cost $687.00 installed. Based upon this information, it was agreed that respondent would install a new furnace, which was done on December 29 or 30.

It developed that respondent's determination that the furnace had a cracked heat exchanger was a good faith mistake of

judgment in diagnosing the trouble and that the furnace could have been repaired by installation of a new gas valve at a cost of about $150.00, obviating the necessity of securing a new furnace.

Respondent fully installed the new furnace; but appellants refused to pay the contract price, claiming that they had only learned of the cheaper alternative gas valve repair subsequent to installation of the new furnace.

It is undisputed that appellants have enjoyed the benefit of a completely new furnace, trouble free, since December 1977, and apparently retain the old furnace as well.

Respondent timely preserved its Mechanic's Lien under Section 29-5-10 et seq. of the 1976 Code of Laws, and thereafter proceeded to foreclosure pursuant to the statutes. The issues were referred to the Master under a general order of reference. The Master concluded that respondent was entitled to the contract price ($687.00) for the new furnace, but appellants were entitled to an offset for an initial repair bill in the amount of $52.50 plus the amount ($150.00) for which the old furnace could have been repaired. In addition an attorney's fee of $229.00, plus court costs, was awarded.

The trial judge confirmed the recommendations of the Master and entered judgment against appellants.

Under the South Carolina Mechanic's Lien statute (Code Section 29-5-10) in order for a lien to arise, the work done or labor furnished must have been provided "by virtue of an agreement with, or by consent of the owner of such building or structure ...."

There is no dispute in this case that appellants entered into an agreement for, and consented to, the installation of the furnace before respondent commenced performance. Appellants argue, however, that the lien lacked the requisite "agreement" or "consent" of the owner, because of respondent's "misrepresentation" regarding the need for a new furnace.

There is no finding in this case of actual fraud or bad faith. On the contrary, it is conceded that respondent's misrepresentation to appellants, that they needed a new heat exchanger, was a good faith mistake of judgment.

We have held that the word *consent* "implies more than mere acquiescence in a state of things already in existence. It implies an agreement to that which, but for the consent, could

not exist, and in which the party consenting has a right to forbid." *Guignard Brick Works v. Gantt*, 251 S. C. 29, 159 S. E. (2d) 850. In *Geddes v. Bowden*, 19 S. C. 1, emphasis is placed upon the owner's "right and power to exercise a choice, to consent or object thereto."

There is no dispute in this case that appellants directed the work to be done and that they did so before respondent commenced performance. The furnace stopped operating on December 22. On December 23 appellants left on a previously planned trip to North Carolina, and arranged to have the work done by long distance telephone on December 28. The testimony reveals that they could have sought a second opinion as to the needed repairs or "shopped around" which would have revealed the less expensive solution to their problem. Appellants clearly had the "right and power to exercise a choice." They elected however to have respondent make the repairs and accepted respondent's judgment without further inquiry. This met the consent requirements of our Mechanic's Lien statute. The fact that the good faith judgment of respondent proved to be in error does not render appellant's consent to rely upon it any less effective.

Appellants argue however that under strict contract principles their agreement could have been rescinded and thus cannot now form the basis for a mechanic's lien. Assuming, without deciding, that strict contract rules govern the application of mechanic's liens, appellants' argument fails under established principles governing contract rescission.

The fundamental prerequisite for rescission is that the parties be returned to the status quo prior to the contract. *Hamilton Ridge Lumber Corp. v. Boston Ins. Co.*, 133 S. C. 472, 483, 131 S. E. 22 (and cases cited); 17A C.J.S., Contracts Section 438; 17 Am. Jur. 2d, Contracts Section 512. This includes the requirement that the party seeking rescission must restore to the opposite party the benefits received. *Hamilton Ridge, supra;* 17A C.J.S., Contracts Section 427.

Appellants have had the benefit of a new furnace since December 1977. There is no contention that they have attempted to restore the status quo, nor is there any showing that it would be possible to do so; hence the rescission theory was properly rejected by both the Master and the Circuit Court.

All exceptions are accordingly overruled and the judgment is affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.