0912

FIRST CITIZENS BANK AND TRUST COMPANY OF SOUTH CAROLINA, Trustee U/T/I Dated May 21, 1976, Respondent v. Donald J. STRABLE, Appellant.

(355 S. E. (2d) 278)

Court of Appeals

*John R. Ferguson,* Laurens, *for appellant.*

*Richard T. Townsend,* Laurens, *for respondent.*

Heard Feb. 18, 1987.

Decided March 30, 1987.

SHAW, Judge:

Respondent, First Citizens Bank and Trust Company of South Carolina, Trustee U/T/I Dated May 21, 1976, initiated

this action by filing suit to collect its promissory note. Appellant, Donald J. Strable, appeals from pre-trial orders denying his motions for joinder. Strable also appeals from the trial court's order granting the bank's motion for involuntary dismissal of his counterclaim. We affirm.

In May of 1980, Strable purchased a house and farm for $145,000.00 from the bank which held title to the property as trustee under a trust set up by the late David E. Reynolds. The bank sold the property pursuant to a power of sale it held as Executor of the David E. Reynolds Estate. The contract of sale also provided for the sale of farm equipment for an additional $10,000.00. Sandra Reynolds,[1] who asserted ownership of this equipment, signed both the contract of sale and the bill of sale for the equipment. Neither Strable nor the realtors who showed him the property knew of the bank's involvement in the sale until closing.

In March of 1985, the bank sued in its general capacity to collect on the promissory note. In April, the bank amended its complaint to sue as trustee. Strable answered and counterclaimed for fraud, breach of express warranty, failure of consideration, and mistake. He also sought, among other things, rescission. Strable then moved to join the bank in its individual capacity as a party plaintiff under S. C. Code Ann. § 15-5-20 (1976), and as a party defendant pursuant to §§ 15-5-30 and 15-5-200. Both motions were denied.

After the South Carolina Rules of Civil Procedure became effective, Strable moved to join Reynolds as well as H. William Carter, Jr.,[2] individually and as agents for the bank as party defendants pursuant to Rules 14, 19(a)(1), 19(a)(2)(ii), and 20, SCRCP. This motion was also denied.

At trial, Strable elected to proceed only on his equitable claims and moved for the dismissal of the jury. He did not contest the nonpayment of the note, but argued he did not owe anything on the note. He offered into evidence a summary of expenditures he alleged he made to repair latent defects in the house. He was unable to produce receipts for the alleged payments. At the close of Strable's evidence the

[1] The widow of David E. Reynolds.
[2] An employee of the bank.

bank moved for an involuntary dismissal. The motion was granted and Strable appeals.

The numerous questions Strable raises on appeal present two basic issues: (1) whether the trial court erred in refusing to make Reynolds and the bank, in all its capacities, parties to this action, and (2) whether the trial court erred in granting an involuntary dismissal pursuant to Rule 41(b), SCRCP, and in denying Strable's motion for a new trial.

### (1)

Strable argues the trial judge erred in denying his motions to join Sandra Reynolds, individually and as agent of First Citizens, and First Citizens in its individual capacity. The prerequisites for compulsory joinder of parties were formerly set out in Section 15-5-200 and are now contained in Rule 19, SCRCP. Section 15-5-200 required the judge to bring a party into the action when necessary for "a complete determination of the controversy." Rule 19(a)(1) now requires that a party be joined if "in his absence complete relief cannot be accorded among the parties."

Sandra Reynolds was not a necessary party for determining this controversy or granting relief. Strable's counterclaim sought rescission against First Citizens, which all parties agree was the vendor of the property. Even if Reynolds had been First Citizens' agent, her joinder in this action would not have aided Strable's claim for rescission. She is not a party to the contract; and an agent is not contractually liable to third parties for the obligations of his principal. *Green v. Industrial Life & Health Insurance Co.,* 199 S. C. 262, 18 S. E. (2d) 873 (1942). First Citizens, on the other hand, is already a party to this action as trustee. Strable has failed to demonstrate how joinder in any other capacity was necessary before the court could resolve this controversy or grant him complete relief.

For these reasons, we hold the trial judge committed no error in denying Strable's motions for joinder.

### (2)

Strable argues the contract should be rescinded for failure of consideration. We disagree.

Strable offered no testimony to establish the house is worth less than the purchase price. In several letters to the

bank after he discovered the latent defects, Strable acknowledges the debt to the bank and reaffirms his intention to pay the debt. He renegotiated the terms of payment on the note with the bank due to his financial problems.

Furthermore, Strable continued to live in the house, ██ ■ sold timber from the property, and offered the property for sale at a price of $191,000.00. Unless fraud is proven, rescission is a proper remedy only if the parties can be returned to the status quo prior to the contract. *Rice & Santos, Inc. v. Jones,* 279 S. C. 201, 305 S. E. (2d) 74 (1983).

Here, Strable purchased a six year old house which was still not totally finished at the time of purchase and which had certain patent defects. He continued to live in the house after discovering certain latent defects and enjoyed other benefits of the contract such as selling timber from the property. He renegotiated the terms of payment of a debt he acknowledged was due. During the time of his possession certain defects were not repaired, thus allowing the house to deteriorate. The bank sued to collect its promissory note when Strable failed to make payments and Strable responded by seeking to rescind the contract.

Based on these facts, we hold the trial court properly granted the bank's motion for an involuntary dismissal of Strable's action.

Affirmed.

GARDNER and BELL, JJ., concur.