William **CLYBURN**, Plaintiff,

v.

**ALLSTATE INSURANCE COMPANY,**
Defendant.

Civ. A. No. 1:92–1886–8.

United States District Court,
D. South Carolina,
Aiken Division.

July 20, 1993.

Ronald A. Maxwell, Aiken, SC, for plaintiff.

Timothy D. St. Clair, Columbia, SC, for defendant.

## ORDER

BLATT, Senior District Judge.

This matter is before the court on the post-trial motions for judgment notwithstanding the verdict (JNOV) or for a new trial by both the plaintiff and the defendant. In this case, the plaintiff's house burned approximately two years after the plaintiff stopped making insurance premium payments. The plaintiff claimed that the policy involved herein had not been legally cancelled and that the defendant improperly denied coverage. This case was tried by jury on March 9, 1993. The jury returned its verdict by answering two interrogatories. First, the jury determined that the defendant proved it mailed written notice to the plaintiff that the insurance policy here involved was cancelled for non-payment of the premium due on it; second, the jury determined that the defendant had not proved that it mailed written notice to its agent, Thomas Young, that the insurance policy was so cancelled.

The arguments presented to the court primarily focus upon the interpretation of S.C.Code Ann. § 38–75–730, and its application to the facts herein. In § 38–75–730(b), where cancellation arises from nonpayment of premiums, the cancellation is not effective unless written notice of cancellation has been delivered or mailed to the insured and the agent of record, if any, not less than 10 days prior to the proposed effective date of cancellation. Having now reviewed the briefs submitted, the record herein, and the applicable law, the court concludes that the granting of a new trial is appropriate.

■ In seeking JNOV or a new trial, the defendant has raised several grounds in support of its position. First, the defendant claims that § 38–75–730, which requires that written notice be given to the insurance agent, became effective on March 5, 1986, and is therefore inapplicable to this case. In response, the plaintiff asserts that every renewal is a new policy which must be consis-

tent with state law. However, the court need not even reach the question of the policy being a new contract at renewal; instead, the terms of the policy itself indicate that "when the policy provisions are in conflict with the statutes of the state in which the residence premises is located, the provisions are amended to conform to such statutes." [See, Policy, p. 4]. The defendant is bound by the provisions of its policy. Moreover, the defendant cannot assert that the statute in question may improperly apply retroactively to an existing policy when it is the policy, rather than the statute, under the court's analysis herein, which creates the alleged retroactive effect, if any.[1]

■ Next, the court was presented with the question of whether a computer disk mailed or delivered to the agent would constitute "written notice" to the agent under the terms of the statute. As noted by the parties in the briefs submitted to the court, there is no case that could be located on this exact issue and the court, too, has been unable to find anything either. There have been some cases dealing with videotapes as a "writing" with regard to some states' rules of procedure. See, *People v. Moran*, 39 Cal. App.3d 398, 114 Cal.Rptr. 413 (1974); see also, *State v. Sheppard*, 197 N.J.Super. 411, 484 A.2d 1330 (1984). In addition, in other contexts, tape recordings have been deemed to be "writings". *State v. Shaw*, 264 N.W.2d 397 (Minn.1978); see also, *State v. Beach*, 304 Minn. 302, 231 N.W.2d 75 (1975); *People v. Kirk*, 43 Cal.App.3d 921, 117 Cal.Rptr. 345 (1974) [a tape recording is to be deemed to be a "writing" for the purposes of the best evidence rule.].

Although, as noted, these cases arise in entirely different contexts and stem from different statutes or rules, the cases do suggest that other media forms are recognized as "writings". The storage of information on tape recordings and videotapes is not that much different from that on floppy diskettes for computers, but rather is more a differ-

1. There is some question whether any improper retroactive effect actually occurs. The court notes it is undisputed that the plaintiff's policy was renewed after passage of this statute. The statute indicates that the provisions would not apply to new policies in effect for less than 90 days and which is not a renewal of a previously existing policy. At least at the time of one policy renewal, the defendant was aware, or should have been aware, of the terms of the statute.

ence in the devices used to read the information. The information can be retrieved and printed as "hardcopy" on paper. In today's "paperless" society of computer generated information, the court is not prepared, in the absence of some legislative provision or otherwise, to find that a computer floppy diskette would not constitute a "writing" within the meaning of § 38–75–730.[2] Having concluded that a computer diskette may constitute a writing within the statute, the court must determine what effect, if any, this finding has upon the verdict rendered in this case.

 As indicated, the jury responded in the negative to the court's second special interrogatory. In that question, the court asked the jury if the defendant had proven by the greater weight of the evidence that it mailed written notice to its agent, Thomas Young, that the insurance policy here involved was cancelled for non-payment of the premiums due on it. After reviewing this question, and in light of the court's earlier findings herein, the court concludes that the defendant is entitled to a new trial. Since it was incumbent upon the court to decide if the notice claimed to be given by the defendant was that contemplated by the statute, and that the jury would then decide if such notice as is required by the statute was mailed or delivered to the agent, the court's failure to rule on the "writing" question at trial by allowing this question of law to be presented to the jury, as well as the phrasing of the special interrogatory, warrant the granting of a new trial. Because of the phrasing of the question, the court cannot ascertain whether the jury found that notice

by computer diskette did not comply with the statute—(which question should have been answered by the court)—or whether the jury concluded that the agent was not mailed such notice.[3] The court having erred in this regard, the defendant is entitled to a new trial on this issue only.[4]

Accordingly, for these reasons, the defendant's motion for a new trial is hereby granted. In light of the court's ruling herein, the plaintiff's motion is denied.

IT IS SO ORDERED.

---

2. There is no evidence in the record to suggest that the insurance agent did not have the necessary equipment to access or "read" the computerized document. There was some testimony that the procedure used was that which was normally followed by the insurance company and its agent.

3. The parties agreed at trial that the special interrogatory could be phrased in terms of mailing notice, without reference to delivery of notice.

4. As to those grounds presented by both parties as to the weight of the evidence, the motions are denied. The remaining grounds presented by the

defendant are without merit and are denied. The court notes specifically that as to the defendant's claim that its argument on rescission would entitle it to judgment, the court disagrees. In the absence of fraud which would justify shifting the loss to the party who opposes rescission, rescission is appropriate only if both parties can be returned to the status quo prior to the contract. *King v. Oxford,* 282 S.C. 307, 318 S.E.2d 125 (App.1984); *Rice and Santos, Inc. v. Jones,* 279 S.C. 201, 305 S.E.2d 74 (1983). Since the plaintiff's house has been destroyed and the defendant has made no effort to return the premiums paid by the plaintiff, return to the status quo is impossible here, and, therefore, rescission is inappropriate.