# CIRCUIT COURT OF STAFFORD COUNTY

Mark A. Biddle

v.

Robin Gail Biddle

November 18, 1998

Case No. (Chancery) 94000299

BY JUDGE JAMES W. HALEY, JR.

Va. Code § 20-109 permits the diminution or termination of "spousal support" when the recipient "has been habitually cohabiting with another person in a relationship analogous to a marriage for one year or more … unless (i) otherwise provided for by stipulation or contract."

Mark A. Biddle, Petitioner, filed a petition seeking termination of payment of spousal support, whether paid from retirement income or primary income, based upon Va. Code § 20-109. His request to Robin G. Biddle, Respondent, his former wife, to admit the existence of a relationship, as quoted above, when unanswered was accordingly admitted.[1] In her answer, however, Respondent maintains the retirement income payments are not spousal support, as that term is used in Va. Code § 20-109, and, further, alleges the property settlement agreement ("PSA"), executed by the parties and adopted by the divorce decree, recognizes such a distinction, and provides for payment despite the existence of a relationship of cohabitation.

Both the PSA, dated January 25, 1994, and the divorce decree entered August 16, 1994, require payments from two sources, one from "retirement income" and one from "primary income." In both documents, both payments are designated "alimony" and both are payable monthly. The court concludes both are spousal support as contemplated by Va. Code § 20-109. *Mosley v. Mosley*, 19 Va. App. 192, 196, 450 S.E.2d 161, 164 (1994). "Alimony" is not

---

[1] Thus, proof of the relationship "by clear and convincing evidence" is not necessary. Va. Code § 20-109.

an ambiguous term. "When the agreement is plain and unambiguous in its terms, the rights of the parties will be determined from the terms of the agreement." *Langley v. Johnson*, 27 Va. App. 365, 368, 499 S.E.2d 15, 17 (1998); *Harris v. Woodrum*, 3 Va. App. 428, 432, 350 S.E.2d 667, 669 (1986).

Both the PSA and the decree recite that retirement income alimony is to continue "as long as the Husband and Wife are both living and the Wife has not remarried." By contrast, both the PSA and the decree recite that primary income alimony is to continue "as long as the Wife remains unmarried and does not live with someone as Husband and Wife for a period of six months or greater, and the Husband is alive and the Wife is alive … ."

It is this contrast as to the written terms for alimony termination, Respondent maintains, that constitutes "a stipulation or contract" negating the "habitually cohabiting" provisions of Va. Code § 20-109, as applicable to the retirement income alimony. Respondent asks the court to *infer* that, since under the PSA and the decree, primary income alimony terminates upon, *inter alia*, cohabitation, and since there is no reference to cohabitation for termination of retirement income alimony, then retirement income alimony is due despite cohabitation. Otherwise stated, Respondent wants the court to add the phrase "Retirement income alimony does not terminate upon the cohabitation of the Wife" to the PSA and decree.

The court declines to do so. In *Miller v. Hawkins*, 14 Va. App. 192, 197, 415 S.E.2d 861, 863-64 (1992), the Court stated:

> The public policy clearly declared by Code §§ 20-109 and 20-109.1 is that spousal support does not survive the recipient's remarriage. To create an exception to that policy, the agreement must be equally clear. If the parties intended that spousal support would continue after remarriage, they could have included such a requirement in the agreement.

The above language is equally applicable to cohabitation statutorily equivalent to remarriage. For spousal support to survive cohabitation, there must be an express provision to that effect, not one presumed by inference. See also, *Radford v. Radford*, 16 Va. App. 812, 433 S.E.2d 35 (1993); *MacNelly v. MacNelly*, 17 Va. App. 427, 437 S.E.2d 582 (1993); *Gayler v. Gayler*, 20 Va. App. 83, 355 S.E.2d 278 (1995). "The absence of express language stating that remarriage will not terminate the obligation mandates the conclusion that spousal support terminates upon remarriage by operation of the statutes." *Langley v. Johnson, supra*, 27 Va. App. at 373, 499 S.E.2d at 19.

In light of the foregoing, spousal support, whether from retirement income or primary income, is terminated, there being no evidence presented showing termination would constitute a manifest injustice or justifying diminution rather than termination. See Va. Code § 20-109.