440

## CIRCUIT COURT OF FAIRFAX COUNTY

F. Shriver Hering

 v.

Phyllis Hering

April 12, 1999

Case No. (Chancery) 136132

BY JUDGE M. LANGHORNE KEITH

This matter came on for a hearing on March 5, 1999, on Phyllis Hering's demurrer to F. Shriver Hering's petition to terminate spousal support. The Court after hearing argument of counsel took the case under advisement. Having now had an opportunity to consider the arguments of counsel and to review the memoranda submitted, the demurrer is sustained for the reasons stated below.

On February 28, 1995, the Herings entered into a marital settlement agreement which, among its provisions, provided for spousal support to Phyllis Hering until Mrs. Hering remarried or either of the parties died. The Agreement was incorporated into a final decree of divorce entered on March 3, 1995.

On January 20, 1999, F. Shriver Hering filed a petition seeking the termination of payment of spousal support based upon the 1997 amendments to Title 20 providing that a court could terminate spousal support upon clear and convincing evidence that the spouse receiving support was habitually cohabiting with another person in a "relationship analogous to marriage." Va. Code Ann. § 20-109(A). Mrs. Hering demurs to the petition saying that as the parties' Agreement provided only that spousal support would be terminated on

the remarriage of Mrs. Hering or the death of either party, the 1997 amendments to § 20-109 unconstitutionally impaired the obligation of their Agreement.

In response, Petitioner relies on the line of Virginia cases that draw a distinction between contractual provisions for spousal support *incorporated* into final decrees and those that are merely *approved* in final decrees.[1] The former provisions are classified as spousal support (alimony), while the latter are classified as contractual provisions in lieu of spousal support. *Shoosmith v. Scott*, 217 Va. 290 (1976) (hereinafter "Shoosmith I"), aff'd 217 Va. 789 (1977) (hereinafter "Shoosmith II"); *Durrett v. Durrett*, 204 Va. 59 (1963); *Eaton v. Davis*, 176 Va. 330 (1940). In Shoosmith I, the payor spouse had agreed in 1959 to pay his ex-wife support and maintenance "as long as the Wife shall live." This agreement was confirmed but not incorporated by the chancellor in the final decree of divorce. In 1972, the legislature amended § 20-109 to add a proviso that any decree for alimony made in accordance with a stipulation or contract would terminate upon remarriage or death unless such stipulation or contract "otherwise specifically provides." 217 Va. at 291. Mr. Shoosmith, hoping that his long nightmare had been alleviated by the legislature, terminated his payments to the now Mrs. Scott on July 1, 1972. Mrs. Scott sued for the accrued payments, and Mr. Shoosmith defended based on the 1972 amendments. The trial judge held the amendments violated the impairment of contract clauses of both the state and federal constitutions and entered judgment against Mr. Shoosmith. The Supreme Court affirmed in Shoosmith I in an opinion which described the payments as "alimony." 217 Va. at 292. This description rekindled hope in Mr. Shoosmith. In a petition to rehear, he pointed out that the applicable provisions of the Code in existence in 1959 provided that *alimony* terminates upon death or remarriage of the payee spouse. The Supreme Court granted the petition and ruled in Shoosmith II that the contract had not been incorporated in the final decree. Thus, the contract and its support provisions were not alimony. As a result of this holding, the Code provision cited by Mr. Shoosmith was inapplicable, the 1972 amendments impaired the parties' contract, and the Court reaffirmed its earlier holding. 217 Va. at 791-93.

---

[1] Petitioner also cites *Richardson v. Richardson*, 47 Va. Cir. 412 (Accomack 1998), and *Biddle v. Biddle*, 46 Va. Cir. 433 (Stafford 1998). These cases both apply the 1997 amendments to pre-1997 property settlement agreements. In neither case was an impairment of contract argument either raised or discussed, and therefore, they do not provide any guidance on that issue.

Petitioner here argues that Shoosmith II holds that alimony, even if the subject of contract, is always subject to being changed by the legislature. This is not the holding of Shoosmith II. That case merely held that the Shoosmith contract provisions were incorrectly described as alimony in Shoosmith I. The only implication in Shoosmith II applicable to this case is that a contract incorporated into a final decree is alimony and thus subject to the statutory provisions related to that subject at the time the contract is effective. See *Durrett v. Durrett*, 204 Va. 59 (1963) (where contract provided for alimony to wife for so long as she lives but was silent as to payments after death of husband, alimony ceased upon his death because under Virginia law, alimony does not continue after death of payor spouse).

Applying the 1997 amendments to § 20-109 to the Agreement would be an unconstitutional impairment of contract, and therefore, the demurrer to the petition is sustained. Petitioner is granted permission to amend his petition to allege that the spousal support provisions should be changed due to a change in circumstances as this is expressly permitted by the marital settlement agreement and is not contrary to *Hollowell v. Hollowell*, 6 Va. App. 417 (1988). That case holds only that cohabitation alone is not a change of circumstance warranting recalculation of spousal support. Here, Petitioner wishes to allege that as a result of her cohabitation, Hering's financial needs have changed. *Hollowell* does not preclude such a petition.