**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Moats Construction Services, LLC, Appellant,

v.

Bobby D. Sanders, Jr.; Staci Y. Sanders; Premier Southern Homes, LLC; Elite Mechanical Services, Inc.; Level Construction, LLC; Love Heating & Air, LLC; Solid Rock Construction Services, LLC; All Carolina Exteriors, LLC; American Concrete and Precast, Inc.; and Harbin Lumber Co., Inc., Defendants,

Of whom Bobby Sanders is the Respondent.

Bobby Sanders, Jr., and Staci Y. Sanders, Third Party Plaintiffs,

Of whom Bobby Sanders, Jr., is the Respondent,

v.

Henry Beal, Third Party Defendant.

Appellate Case No. 2013-002176

———————————

Appeal From Anderson County
Alexander S. Macaulay, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-046
Heard September 9, 2015 – Filed January 27, 2016

_____

**AFFIRMED**

_____

Ronald G. Tate, Jr., and Robert Batten Farrar, of
Gallivan, White & Boyd, PA, of Greenville, for
Appellant.

Donald Ryan McCabe, Jr., and Stephanie Carol Trotter,
of McCabe, Trotter & Beverly, P.C., of Columbia, for
Respondent.

_____

**PER CURIAM:** Moats Construction Services (Moats) appeals the trial court's denial of its mechanic's lien action against Bobby Sanders. We affirm.

1. We disagree with Moats' argument that the trial court erred in holding Moats failed to establish a valid mechanic's lien under section 29-5-10 of the South Carolina Code (2007). *See Ferguson Fire & Fabrication, Inc. v. Preferred Fire Prot., L.L.C.*, 409 S.C. 331, 340, 762 S.E.2d 561, 566 (2014) (providing under section 29-5-10 liens are created when direct contractual relationship exists with the owner); § 29-5-10 (providing consent by the owner is a requirement to a lien placed by a laborer); *Guignard Brick Works v. Gantt*, 251 S.C. 29, 32, 159 S.E.2d 850, 851 (1968) (holding the word consent "implies something more than mere acquiescence in a state of things already in existence. It implies an agreement to that which, but for the consent, could not exist, and in which the party consenting has a right to forbid"); *Ringer v. Graham*, 286 S.C. 14, 17 n.2, 331 S.E.2d 373, 375 n.2 (Ct. App. 1985) ("Code Section 29-5-10 gives a mechanic's lien to persons who by agreement or with the consent of the owner perform labor upon or furnish materials in the erection of a structure."). We find the trial court's determination that Moats failed to establish a direct contractual relationship with Sanders supported its holding there was no valid mechanic's lien established by Moats under section 29-5-10.

2. We disagree with Moats' argument that the trial court erred in applying improper offsets against the amount Sanders owed. *See Action Concrete Contractors, Inc. v. Chappelear*, 404 S.C. 312, 319, 745 S.E.2d 77, 80 (2013) ("Where a general contractor abandons the job before work is complete . . ., the owner is entitled to

credit for damages, if any, incurred by the owner to finish the general contractor's work. . . . [T]he owner may be entitled to offset moneys spent to repair that work against the lienholder's recovery."); S.C. Code Ann. § 29-5-40 (2007) (stating "in no event shall the aggregate amount of liens set up hereby exceed the amount due by the owner on the contract price of the improvement made"). We find the trial court was correct in applying offsets against the remaining escrowed construction funds and denying Moats' mechanic's lien.

3. We disagree with Moats' argument that the trial court erred in failing to hold Moats had a valid mechanic's lien under section 29-5-20(A). Even though Moats did not meet the notice requirements under section 29-5-20(B), Moats may have met the notice requirements under section 29-5-40. The lien, however, failed on other grounds because the amount of liens exceeded the amount the owner owed on the contract price. *See Taylor, Cotton & Ridley, Inc. v. Okatie Hotel Grp., LLC*, 372 S.C. 89, 96, 641 S.E.2d 459, 462 (Ct. App. 2007) ("The main purposes of sections 29-5-20 and 29-5-40 are (1) the protection through a lien of a party, who furnished labor or material but was not a party to a contract with the owner and (2) the protection of the owner by preventing his liability on the liens from exceeding the amount owner owes on the contract price."); *Stoudenmire Heating & Air Conditioning Co. v. Craig Bldg. P'ship*, 308 S.C. 298, 302, 417 S.E.2d 634, 637 (Ct. App. 1992) (stating a letter to the owner and contractor provided sufficient written notice to the owner to meet the requirements of section 29-5-40); § 29-5-40 (requiring notice to the owner of the furnishing of labor).

4. In light of our previous findings, we decline to address whether Sanders was unjustly enriched in this case. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).

**AFFIRMED.**

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**