# Richmond

## GEORGE LOSYK v. MARGARET EMMA LOSYK.

September 1, 1971.

Record No. 7559.

Present, All the Justices.

*Richard R. Nageotte*, for appellant.

*Quinlan H. Hancock*, for appellee.

COCHRAN, J., delivered the opinion of the court.

The question presented by this appeal is whether the court had authority to modify, by subsequent order, the alimony provision of the final decree which terminated the marriage between Margaret Emma Losyk and George Losyk.

By decree entered November 26, 1968, after extended and bitter litigation, Mrs. Losyk was granted a divorce from the bond of matrimony from her husband on the grounds of desertion and cruelty. Permanent custody of their infant daughter, born May 21, 1967, was

awarded to the mother with certain "temporary custody" and visitation rights reserved to the father. The alimony and child support provisions of the decree were set forth as follows:

". . . and it is further

ADJUDGED, ORDERED and DECREED that the Defendant shall pay to the Complainant for her own support and maintenance the sum of $100.00 per month, beginning on the 3rd day of November, 1968, and continuing $100.00 on the 3rd day of each and every month thereafter until October 3, 1969, at which time this temporary alimony payment shall be terminated; Defendant shall also pay to the Complainant for the maintenance and support of the said minor child the sum of $200.00 per month, beginning on the 3rd day of November, 1968, and continuing, $200.00 on the 3rd day of each and every month thereafter, until said child is legally emancipated, or until further order of this or another Court of competent jurisdiction, whichever shall first occur. * * *"

Payments were made by Losyk in compliance with the terms of the decree. On October 3, 1969, Mrs. Losyk, by new counsel, filed a petition asking that a "final determination of alimony" be made and that an increase in child support payments be ordered. Losyk filed a demurrer and motion to dismiss on the ground that the court had no jurisdiction to modify the alimony provision of the final decree. He also filed a petition asking that child support payments be reduced and that his visitation rights be enlarged.

The demurrer and motion to dismiss were overruled, and a hearing was held on the petitions of the parties. By letter opinion dated January 26, 1970, the chancellor held that the final divorce decree, which had been entered by another chancellor, was not intended to be final as to alimony. From the evidence adduced before him he found "a continuing need of alimony and ability to pay". Accordingly, he entered an order on January 26, 1970, directing Losyk to pay Mrs. Losyk the sum of $100 per month beginning November 3, 1969 and continuing until she "remarries or dies, or until further order of this Court . . .". The decree also continued the support payments for the child while providing more liberal visitation rights to the father.

Losyk excepted to the action of the court in its entirety, and we granted him an appeal. Of his assignments of error we are concerned only with those which challenge the authority of the court to reopen the final decree on the question of alimony.

Authority to modify the alimony provisions of a final divorce decree must be found 'either in the language of the decree or in an applicable statute.

■ In the absence of statute a court may expressly reserve the right to revise alimony provisions to meet changed conditions. But the reservation must be clear and explicit. *Brinn* v. *Brinn*, 147 Va. 277, 137 S.E. 503 (1927); *Capell* v. *Capell*, 164 Va. 45, 49, 178 S.E. 894, 896 (1935). *See also Perry* v. *Perry*, 202 Va. 849, 853, 120 S.E. 2d 385, 388 (1961), where it was held that in a final divorce decree that was silent as to alimony the language "with leave to either party to have the same reinstated for good cause shown" was not a sufficient reservation of power in the court to reinstate the cause to award alimony.

We find no clear and explicit reservation of jurisdiction to modify the alimony provision in the final decree of November 26, 1968. The same paragraph of the decree which provided for support payments for the child until she is "legally emancipated, or until further order of this or another Court of competent jurisdiction, . . ." also dealt with alimony. It is significant that the alimony provision was not couched in similarly precise language which would have made it also expressly subject to further order of the court.

We do not believe that the words "temporary alimony payment" can properly be construed to mean that the alimony allowance was subject to modification after all payments required by the decree had been made. The word "temporary" could well be taken as merely descriptive of an obligation that was not to continue beyond the specified terminal date of October 3, 1969. Thus the "temporary custody" of the child granted to Losyk in the preceding paragraph of the decree, the only other place where the word "temporary" was used, was descriptive of the arrangement whereby the father was permitted to take his daughter for periodic visits, commencing and terminating at specified hours on certain days.

We have recently reaffirmed the rule that in a divorce proceeding a husband must pay in accordance with the 'express terms of a court decree. *Jenkins* v. *Jenkins*, 211 Va. 797, 799, 180 S.E.2d 516, 518 (1971). The decree itself, rather than some unexpressed intent, determines the respective rights and obligations of the parties.

The chancellor who entered the final divorce decree would have been fully justified in reserving supervision over all alimony questions in order to protect Mrs. Losyk in the event of her incapacity after

the terminal date of alimony payments. But he did not do so, and the time has long since expired within which Mrs. Losyk might have appealed his decision or moved for reconsideration thereof. So, unless saved by statute, she is barred by the language of the final decree.

■ Code § 20-109 provides as follows:

"Upon petition of either party the court may increase, decrease, or cause to cease, any alimony that may thereafter accrue whether the same has been heretofore or hereafter awarded, as the circumstances may make proper; . . .".

In *Perry* v. *Perry*, 202 Va. 849, 120 S.E.2d 385 (1961), in which the history of the legislation and decisions pertinent thereto were reviewed, we held that this statute did not permit a court to reopen a final divorce decree and grant alimony where none had been required in the decree.

Here, there was no alimony to accrue after October 3, 1969, when all monthly payments were completed. Hence there was nothing to "increase, decrease or cause to cease" and the court was without statutory authority to reopen the final decree of November 26, 1968 as to alimony.

As the court lacked jurisdiction to make provision for alimony in its order entered January 26, 1970, to this extent the order is void.

*Reversed and remanded.*