## Salem

LAURA ANN MALLERY-SAYRE

v.

MALCOLM JOHN MALLERY

No. 0444-87-3

Decided July 5, 1988

472

COUNSEL

Arthur E. Smith, for appellant.

James A. L. Daniel (Martha White, Meadley, Meade, Tate & Daniel, on brief), for appellee.

OPINION

**COLEMAN, J.** — In this appeal we decide whether remarriage terminates future payments due under a lump sum award for spousal support. The lump sum payment was provided for in a separation agreement that was approved and incorporated into the final divorce decree. The agreement was silent about the effect, if any, of remarriage upon the deferred installment payments. The extent to which remarriage may bear upon the deferred installment payments depends upon the applicability of Code §§ 20-109 and 20-109.1, which provide that spousal support terminates upon remarriage.[1]

---

[1] Code §§ 20-109 and 20-109.1 at that time provided in pertinent part:

Laura Mallery-Sayre appeals the trial court's decision terminating her former husband's monthly payments to her because of her remarriage. She argues two points: (1) that the court erred in holding that the payments required by the separation agreement were spousal support which, by statute, would terminate on remarriage; and (2) that the court erred in refusing to permit the introduction of extrinsic evidence to show that the parties intended the payments to be a property settlement.

 We hold that the contractual obligation provided for a lump sum payment, and that, whether denominated "spousal support" or "property settlement," the obligation was fixed and the right to future deferred installments did not terminate at appellant's remarriage. Code §§ 20-109 and 20-109.1 terminate only spousal support that is ordered to be paid in periodic payments and then only when there is no contractual agreement providing otherwise. These code provisions have no bearing upon a lump sum award of spousal support for an amount certain which is due when awarded but for which the obligation of payment is deferred by future installments. Laura Ann Mallery-Sayre and Malcolm John Mallery were married June 29, 1969, and divorced January 5, 1984. Their separation agreement was incorporated into the divorce decree. The agreement obligated Mr. Mallery to pay a lump sum "spousal support" of $100,180, with one payment of $10,000 and the balance in 108 installments of $835 per month. The agreement provided that any balance should be paid to Mrs.

---

[P]rovided that if any former spouse, for whom provisions for support and maintenance have been made in such stipulation or contract whether entered into heretofore or hereafter, shall thereafter remarry, the court shall, upon such remarriage, order that such support and maintenance for such former spouse shall cease as of the date of such marriage, and upon the death of any such former spouse, the court shall order that no payment shall be made to the estate of such decedent on account of such provisions, unless such stipulation or contract otherwise specifically provides in the event of remarriage or death.

Code § 20-109.

The provisions of this section shall apply to any decree hereinbefore or hereinafter entered affirming, ratifying and incorporating an agreement as provided herein. If such agreement provides for the maintenance of either of such parties, upon the remarriage of such party the court shall order that such maintenance shall cease as of the date of such marriage, and upon the death of such party the court shall order that no payment shall be made to the estate of such decedent on account of such provision, unless such agreement otherwise specifically provides in the event of remarriage or death.

Code § 20-109.1 (1983 Repl. Vol.)

Mallery-Sayre at the death of Mr. Mallery, or, if she predeceased him, he would pay the remaining balance to her estate.

Mrs. Mallery-Sayre remarried in April 1984. In November 1985, Mr. Mallery, relying on Code §§ 20-109 and 20-109.1 petitioned the court to terminate spousal support payments to his former wife because of her remarriage. Appellant responded that because the payments were not intended to be spousal support but part of the property settlement or payments in lieu of support and maintenance, remarriage would not affect the payments. She offered to prove by extrinsic evidence the intentions of the parties. On the depositions and the record, the court ruled that since the agreement was clear and unambiguous, no parol evidence would be allowed. Thus, since the agreement designated the payments as spousal support, the court held that Code §§ 20-109 and 20-109.1 controlled and Mrs. Mallery-Sayre's remarriage terminated her right to the payments.

On appeal, the parties contend that the classification of the payments as spousal support, a sum in lieu of spousal support, or a property settlement determines whether the remarriage terminates the payments. Because the award was a lump sum award, we find it unnecessary to address whether the payments were for spousal support or a property settlement, or whether parol evidence was admissible. In our view, the important factor in this case is that the obligation was a lump sum award rather than an obligation to make periodic payments.

■■■ Code § 20-107.1 provides that a court may decree an award of maintenance and support of the spouses and that the award may be in the form of periodic payments, a lump sum, or both. *Hodges v. Hodges*, 2 Va. App. 508, 513, 347 S.E.2d 134, 137 (1986). A periodic payment is a specified amount payable at designated intervals with the sum total uncertain; the amount of the payment can be modified by the court, if one of the parties can show a change in circumstances, or the amount of payment can be modified by agreement of the parties. The total amount of periodic support due is contingent upon future events; the right to each periodic payment becomes fixed and vested only as each payment is due. *See Eaton v. Davis*, 176 Va. 330, 342, 10 S.E.2d 893, 898 (1940) ("[A]limony to accrue in future monthly installments, though fixed by a final decree, is not a vested property right.") In contrast, a lump sum award is an order to pay a specific amount.

The lump sum award is a fixed obligation to pay a sum certain when the decree is entered but the amount may be payable either in deferred installments or at once. That the payment method may allow for deferred installment payments does not change the character of the award. Thus, the right to the amount, whether payable immediately or in installments, is fixed and vested at the time of the final decree and the amount is unalterable by court order, remarriage, or death. *See Barnett v. Barnett*, 95 Ariz. 226, 388 P.2d 433 (1964); *Viglione v. Viglione*, 171 Conn. 213, 368 A.2d 202 (1976); *Horne v. Horne*, 289 So. 2d 39 (Fla. App. 1974); *Winokur v. Winokur*, 258 Ga. 88, 365 S.E.2d 94 (1988); *Grundy v. Grundy*, 4 Kan. App. 2d 302, 605 P.2d 162 (1980); *Maxcy v. Estate of Maxcy*, 485 So. 2d 1077 (Miss. 1986); *Washburn v. Washburn*, 101 Wash. 2d 168, 677 P.2d 152 (1984). If we were to hold that installment payments of a lump sum award were the equivalent of an award of periodic payments, we would render meaningless the provision authorizing courts to make lump sum awards.

The agreement signed by appellant and appellee and incorporated by the court into the final decree plainly bound the husband to pay a "total amount" of $100,180. The contract was to pay a sum certain. That amount was to be paid by an initial payment of $10,000, with the remainder in 108 "monthly installments" of $835. Further evidence that the parties intended the total amount to be payable is found in the provision that the obligation would survive the death of both parties. Accordingly, we hold that as a lump sum award, though payable in installments, the amount was due and payable to Mrs. Mallery-Sayre at the time the contract was signed. As a fixed right, it was not affected by remarriage. We reverse the trial court's order and remand so that the original order in the final decree may be reinstated.

*Reversed and remanded.*

Koontz, C.J., and Moon, J., concurred.