**Salem**

DORIS S. RADFORD

v.

WILLIAM B. RADFORD

No. 1841-92-3

Decided July 27, 1993

Counsel

Thomas M. Simons, for appellant.

Heather Sanderson Lewis (H. David Natkin; Natkin & Heslep, P.C., on brief), for appellee.

Opinion

**BARROW, J.**—This appeal is from a decree terminating an award of spousal support. In affirming the decree, we hold that spousal support provided for in an agreement terminates upon the remarriage or death of the person to whom the support is payable, unless the agreement expressly provides for its continuation.

The parties agreed in writing that "the husband shall pay unto the wife the sum of $200.00 per month for a period of 5 years." The agreement was incorporated into a decree of divorce.

The wife remarried before the end of the five year period referred to in the agreement. Because the agreement was silent regarding the effect of the death or remarriage of the wife, the trial court, relying on Code § 20-109, terminated the husband's obligation to pay spousal support following the wife's remarriage.

Code § 20-109 terminates spousal support "[u]pon the death or remarriage of the spouse receiving support . . . unless otherwise provided by stipulation or contract." *See also* Code § 20-109.1. This language contemplates an expressed, not implied, provision that support shall not terminate upon death or remarriage. By resolving ambiguity, Code § 20-109 reduces litigation. To permit its mandate to be overcome by implication would introduce ambiguity, encourage litigation and, thereby, undermine the statute's purpose.

The statute applies to periodic payments of spousal support, not to a lump sum award. *Mallery-Sayre v. Mallery*, 6 Va. App. 471, 473, 370 S.E.2d 113, 114-15 (1988). A lump sum award is one "for an amount certain which is due when awarded but for which the obligation of payment is deferred by future installments." *Id.* The provision in this agreement, however, was not a lump sum award of spousal support. A "sum of $200.00 per month for a period of 5 years" is not "an amount certain which is due when awarded." *Id.* The amount due from the husband at the time this agreement was entered into was not

the full amount due for the full five year period. The amount due became vested at the rate of $200 per month. *See Eaton v. Davis*, 176 Va. 330, 342, 10 S.E.2d 893, 898 (1940).

Admittedly, one can infer from this agreement that the parties intended to arrive at a sum certain by multiplying the monthly obligation by sixty months. However, because we construe Code § 20-109 to require an expressed provision to avoid termination of spousal support upon death or remarriage, we cannot overcome the statute's direction by inferring the intent of the parties.

Consequently, because the spousal support was not a lump sum award and the agreement contained no express provision for continuation upon the death or remarriage of the spouse receiving support, the spousal support terminated upon the wife's remarriage. The trial court's decree is, therefore, affirmed.

*Affirmed.*

Moon, C.J., and Koontz, J., concurred.