COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


DON W. DICKSON
                                             OPINION BY
v.     Record No. 1081-95-4        JUDGE CHARLES H. DUFF
                                           AUGUST 20, 1996
PAULA JEAN DICKSON

              FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                      Frank A. Hoss, Jr., Judge

            Patricia F. Hammond (Smith, Hudson, Hammond &
            Alston, P.C., on briefs), for appellant.

            Robert J. Zelnick (Szabo, Quinto, Zelnick &
            Erickson, P.C., on brief), for appellee.


        Don W. Dickson (husband) appeals the trial judge's decision

modifying the amount of monthly spousal support in the original

divorce decree.  He contends (1) that the trial court lacked

jurisdiction to modify its prior order of spousal support because

the spousal support award was a lump sum award rather than a

periodic payment; (2) that the trial judge erred in ruling that

husband's discharge in bankruptcy of the equitable distribution

award was a sufficient change in circumstances to justify

modification of the spousal support award; and (3) that the trial

judge erred in awarding attorney's fees to Paula Jean Dickson

(wife).

        We hold that the original spousal support award was a

periodic payment award.  Thus, the trial court did not lack

jurisdiction to modify the spousal support award.  In addition,

we hold that the trial judge did not err in concluding that the

discharge in bankruptcy was a sufficient change in circumstances to justify modification of the spousal support award. We also affirm the trial judge's award of attorney's fees to wife.

## Background

On January 25, 1993, the trial court entered the parties' "Final Decree of Equitable Distribution, Permanent Spousal Support, Attorney's Fees and Costs." The final decree made a partial equitable distribution award to wife of $24,442.53, plus an additional amount of money from stock options held in husband's name and unexercised at the time of trial.

The decree contained the following language concerning spousal support:

> [H]usband shall pay wife the sum of one thousand ($1,000) dollars per month as spousal support and maintenance for twelve months beginning October 1, 1992; eight hundred ($800) dollars per month for twelve months, beginning October 1, 1993, and six hundred ($600) dollars per month, for twelve months, beginning October 1, 1994; with the husband's obligation to provide spousal support to cease on September 30, 1995 . . . .

About six weeks after entry of the final decree, husband filed a petition for voluntary bankruptcy. On December 27, 1994, the United States Bankruptcy Court released husband from all dischargeable debts, including the equitable distribution award, resulting in a discharge of over $620,000 in debts. Husband has not paid any portion of the equitable distribution award to wife.

On November 9, 1994, wife petitioned the trial court for an

increase in the amount of spousal support awarded to her in the final decree, asserting that the discharge in bankruptcy of husband's equitable distribution obligations constituted a material change in circumstances. On November 22, 1994 husband filed a "Petition to Reduce or Terminate Spousal Support Obligation," seeking to decrease the amount of spousal support he was obligated to pay.

On February 22, 1995, husband filed a motion for a judicial determination that the spousal support award in the final decree was a lump sum award and was, therefore, not subject to modification. The trial judge found that the spousal support award was one for periodic spousal support, and that the trial court had jurisdiction to modify the award.

At a hearing held on April 10, 1995, the trial judge ruled that there had been a material change in circumstances after the entry of the final decree, entitling wife to an increase in the amount of spousal support. The trial judge modified the final decree and ordered husband to pay $600 per month in support, subject only to termination by operation of law, or remarriage of wife, or subject to future modifications.

At the hearing, the trial judge said that when he initially determined the amount of spousal support, he "place[d] considerable weight on all of the factors [listed in Code § 20-107.1]," but he considered the equitable distribution award as a "central factor" in the equation. The trial judge then

found that the wife's failure to receive the equitable distribution award was "a change of circumstances" that merited a modification of the spousal support award. In his order reflecting his ruling, he also noted that husband had an annual net income of about $65,000 to $70,000, while wife had annual earnings of about $27,000.

The trial judge also found that husband's actions exacerbated the time involved on this issue and awarded wife attorney's fees.

> ## Classification of Spousal Support Award
> A periodic payment is a specified amount payable at designated intervals with the sum total uncertain; the amount of the payment can be modified by the court, if one of the parties can show a change in circumstances, or the amount of payment can be modified by agreement of the parties. The total amount of periodic support due is contingent upon future events; the right to each periodic payment becomes fixed and vested only as each payment is due. See Eaton v. Davis, 176 Va. 330, 342, 10 S.E.2d 893, 898 (1940) ("[A]limony to accrue in future monthly installments, though fixed by a final decree, is not a vested property right.") In contrast, a lump sum award is an order to pay a specific amount. The lump sum award is a fixed obligation to pay a sum certain when the decree is entered but the amount may be payable either in deferred installments or at once. That the payment method may allow for deferred installment payments does not change the character of the award. Thus, the right to the amount, whether payable immediately or in installments, is fixed and vested at the time of the final decree and the amount is unalterable by court order, remarriage, or death.

Mallery-Sayre v. Mallery, 6 Va. App. 471, 474-75, 370 S.E.2d 113,

115 (1988).

In this case, the original spousal support award did not establish "a fixed obligation to pay a sum certain when the decree [was] entered."  The award specified an amount payable at designated intervals, and the amount due became vested only as each payment was due.  The final decree did not establish a total amount of support.  In addition, the trial judge made no findings of any "special circumstances or compelling reasons" requiring a lump sum award, such as husband's inability to pay future periodic payments or wife's immediate need for a lump sum to maintain herself or satisfy debts.  See Blank v. Blank, 10 Va. App. 1, 5-6, 389 S.E.2d 723, 725 (1990).

Further, the final decree does not use the words "lump sum" or "total amount" or words of similar import.  On the contrary the decree expressly characterizes the spousal support as a "periodic payment."  The decree does not provide that the monthly installment payments are to continue in the event of wife's remarriage or husband's death.  See Code § 20-109.

Finally relative to this issue, husband impliedly recognized that the spousal support award was modifiable by filing his Petition to Reduce or Terminate Spousal Support Obligation.  He expressly sought a reduction in an award which he now contends was not modifiable.  His petition was never withdrawn, but was actively pursued until denied by the trial court in an order of March 17, 1995.  It is well established in Virginia that a

litigant will be precluded from taking inconsistent and mutually contradictory positions.  <u>Winslow, Inc. v. Scaife</u>, 224 Va. 647, 653, 299 S.E.2d 354, 358 (1983); <u>Berry v. Klinger</u>, 225 Va. 201, 207, 300 S.E.2d 792, 795 (1983).

Nor does the fact that the support award had a specific termination date convert it into a lump sum award.  In <u>Radford v. Radford</u>, 16 Va. App. 812, 813-14, 433 S.E.2d 35, 36 (1993), the parties agreed that "the husband shall pay unto the wife $200.00 per month for a period of 5 years."  This agreement was incorporated in the decree.  The wife appealed the circuit court's order terminating the award upon her remarriage.  We affirmed, holding that any inference that the parties intended a lump sum award by multiplying the monthly obligation by the number of months did not overcome the direction of Code § 20-109.

Husband relies on <u>Losyk v. Losyk</u>, 212 Va. 220, 183 S.E.2d 135 (1971), in support of his position.  Although the spousal support award in this case has similar wording to the spousal support award in <u>Losyk</u>, <u>Losyk</u> is distinguishable.

> In <u>Losyk</u>, the final decree stated:
> "the Defendant shall pay to the Complainant
> for her own support and maintenance the sum
> of $100.00 per month, beginning on the 3rd
> day of November, 1968, and continuing $100.00
> on the 3rd day of each and every month
> thereafter until October 3, 1969, at which
> time this temporary alimony payment shall be
> terminated . . . ."

<u>Id.</u> at 221, 183 S.E.2d at 136.  On October 3, 1969, the date on which the last alimony payment was due, the wife filed a petition

asking for a "'final determination of alimony.'" Id. The Supreme Court held that "there was no alimony to accrue after October 3, 1969, when all monthly payments were completed. Hence there was nothing to 'increase, decrease or cause to cease' and the court was without statutory authority to reopen the final decree . . . as to alimony." Id. at 223, 183 S.E.2d at 137.

Here, the final decree awarded monthly spousal support payments until September 30, 1995. Wife filed her petition seeking an increase in spousal support on November 9, 1994, prior to the completion of the monthly spousal support payments. Therefore, unlike in Losyk, there was "alimony to accrue" after wife filed her petition. Thus, there was something to "'increase, decrease, or cause to cease.'" Accordingly, husband's reliance on Losyk is misplaced.

We conclude that, because the spousal support award was in the form of periodic payments, the trial court had jurisdiction to modify the award pursuant to Code § 20-109, provided there was a material change in circumstances meriting the modification. See Mallery-Sayre, 6 Va. App. at 474, 370 S.E.2d at 115.

### Change in Circumstances

Husband contends that the trial judge erred in modifying the spousal support award when the changes in circumstances were such that both husband's ability to pay spousal support and wife's need for spousal support decreased. In particular, husband contends that the discharge in bankruptcy of the

equitable distribution award was not a change in circumstances sufficient to warrant a modification of support. Husband also alleges that the modification in spousal support "punish[ed]" husband for his bankruptcy filing and awarded wife cash "far in excess of the monetary award."

> Code § 20-109 provides that "[u]pon the petition of either party the court may increase . . . spousal support and maintenance . . . as the circumstances may make proper." The party moving for a modification of support payments must prove "both a material change in circumstances and that this change warrants a modification of support."

Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (citation omitted).

The trial judge found that the discharge in bankruptcy of the equitable distribution award was a change in circumstances justifying modification of the spousal support award, stating:

> [I]n making [the spousal support] award, I did place considerable weight on all of the factors, but particularly, the factor such as the length of the marriage, which in this case was not very long, [wife]'s underemployment at the time, and the equitable distribution of the parties' marital assets. Now, as I said, what has unfolded today, a central factor has been removed from this equation, that factor being the equitable distribution proceeds, [wife] never received them. That was something I thought she was going to receive when I was determining what the spousal support should be.
> In my view, as the cases hold, I think that does constitute a change of circumstances. And upon consideration of all the evidence and the factors under Code § 20-107.1, I think it also calls for a modification of the spousal support in this

-8-

case.

Whether the discharge in bankruptcy of an equitable distribution award is a change in circumstances justifying modification of the original spousal support award is an issue of first impression in Virginia. Thus, for guidance, we look to authority from other jurisdictions that have addressed this issue. In Siragusa v. Siragusa, 843 P.2d 807 (Nev. 1992), the Nevada Supreme Court, citing cases from New Mexico, California, Minnesota, Washington, and Wisconsin, stated:

> While we have never addressed the issue, both state and federal courts in other jurisdictions have uniformly determined that the discharge of a property settlement obligation in bankruptcy may be taken into account in determining whether the parties' circumstances have changed sufficiently to justify a modification of alimony. The uniformity of decisions does not mean that the question is not a close one, and two strong competing interests must be weighed.

> *        *        *        *        *        *        *

> [T]he mandates of the Supremacy Clause of the United States Constitution compete with the equitable interest in preventing one spouse from unilaterally acting to deprive the other spouse of marital assets.[1]

Id. at 812 (citation and footnote omitted).

The objective of the federal bankruptcy system is to "'relieve the honest debtor from the weight of indebtedness which has become oppressive and to permit him to have a fresh start in

---

[1]The Supremacy Clause prevents states from enacting laws that, among other things, "'sufficiently injure the objectives of the federal program.'" Siragusa, 843 P.2d at 812-13.

business or commercial life.'"  Id. (citation omitted).

Therefore, an increase in alimony payments after an equitable

distribution award has been discharged in bankruptcy arguably

frustrates the "fresh start" policy of bankruptcy relief.  But

see Eckert v. Eckert, 424 N.W.2d 759, 762 (Wis. Ct. App.) ("The

exercise of judicial power modifying spousal support

post-bankruptcy is not antagonistic to the federal 'fresh start'

policy of bankruptcy relief"), review denied, 430 N.W.2d 351

(Wis. 1988).

The Siragusa court found that state courts "have resolved

the tension between federal and state objectives in favor of the

state interest in resolving domestic disputes."  Siragusa, 843

P.2d at 813.  The court held:

> [A] district court may consider a spouse's
> discharged property settlement obligation as
> a "changed circumstance" in ruling upon a
> motion for modification of alimony.
> Modification of an alimony award based upon a
> discharged property settlement obligation
> does not re-create a debt discharged under
> federal bankruptcy laws, and therefore the
> district court . . . properly considered [the
> husband]'s discharged property settlement
> obligation in ruling upon the motion for
> modification of alimony.

Id.[2]

---

[2] Dr. Siragusa, the husband, later brought an action claiming
that the state court's modification of alimony based on the
bankruptcy court's discharge of property settlement violated the
discharge injunction.  The United States District Court affirmed
the bankruptcy court's dismissal of his complaint, and Dr.
Siragusa appealed to the Ninth Circuit.  In Siragusa v. Siragusa,
27 F.3d 406 (9th Cir. 1994), the Court held that the divorce
court properly considered Dr. Siragusa's discharge in bankruptcy
of the property settlement as a "'changed circumstance.'"  Id. at

Here, when the trial judge made the initial award of spousal support, he was required to consider all of the factors listed in Code § 20-107.1, including "[t]he provisions made with regard to the marital property under § 20-107.3."  Code § 20-107.1(8).  The trial judge stated that he considered these factors when making the original award of spousal support and that he considered the equitable distribution award as a "central factor" in determining the amount of spousal support.

We agree with the majority of states that the discharge in bankruptcy of a property settlement agreement or equitable distribution award may be considered as a change in circumstances justifying the modification of spousal support obligation.  Here, husband's discharge in bankruptcy of over $620,000 in debts greatly improved his ability to pay spousal support.  See Ganyo v. Engen, 446 N.W.2d 683, 686 (Minn. Ct. App. 1989).

---

408.  The Court further found that

> the amount awarded in alimony is not a substitute for the amount of the discharged property settlement.  The alimony modification merely takes into account the fact that Ms. Siragusa would no longer receive the property settlement payments upon which the original alimony was premised.  The discharge altered both Ms. Siragusa's need and Dr. Siragusa's ability to pay.

Id.  See also Richardson v. Richardson, 868 P.2d 259, 262 (Wyo. 1994) ("[T]here is a significant body of authority which consistently supports the district court's decision to treat the results of the bankruptcy proceeding as a change of circumstances justifying modification of the original decree") (citing Gavin L. Phillips, Annotation, Divorce: Court's Authority to Institute or Increase Spousal Support Award After Discharge of Prior Property Award in Bankruptcy, 87 A.L.R.4th 353 (1991)).

However, husband contends that his income has decreased, thereby impairing his ability to pay spousal support. Husband testified that his income was $211,000 in 1992, $130,000 in 1993, and $99,000, less business expenses, in 1994. Husband stated that his net income is about $60,000 to $70,000. Husband also testified that he owes more than $72,000 in attorney's fees and income taxes. In addition, husband pays $1,700 per month in rent.

In contrast, there was evidence that husband had a matched asset plan containing about $50,000 and that he owned a vacation condominium in Myrtle Beach. Husband testified that he exercised stock options in October, 1992, but the amount he received from this transaction is disputed. These stock options appear to have been made a part of the equitable distribution award. However, wife testified she has not received any of the proceeds from the transaction.

At the time of the equitable distribution award, wife was unemployed. At the time of the hearing on this matter, she earned $8 per hour and worked thirty hours per week. Wife testified that, at the time of the divorce, her IRA account contained $12,000. Subsequently, she used this account for living expenses, leaving a balance of about $500. She also faces ear surgery, has no health insurance, and has unpaid medical bills, credit card bills, and attorney's fees. Wife has borrowed about $56,000 from her father for living expenses. She rents a

room in her house to a boarder for $90 per week.

"We will not disturb the trial court's decision where it is based on an ore tenus hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" Furr, 13 Va. App. at 481, 413 S.E.2d at 73 (citation omitted). The evidence indicates that both parties have experienced material changes in their income and expenses after the entry of the 1993 final decree. However, ample evidence supports the trial judge's ruling increasing husband's monthly spousal support obligation. Wife never received any portion of the equitable distribution award of $24,442.53 or the undetermined amount of money from stock options exercised by husband. Husband discharged over $620,000 in debts after the final decree was entered, thereby greatly decreasing his monthly expenditures. Wife has borrowed money and used her IRA account to pay living expenses. Although husband's income may have decreased following the entry of the final decree, his overall financial condition has improved since 1992 due to the discharge in bankruptcy of over $620,000 in debts. Accordingly, the trial judge's modification of the spousal support award was not plainly wrong or without evidence to support it.

### Attorney's Fees

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326,

333, 357 S.E.2d 554, 558 (1987). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The trial judge found that husband caused an "exacerbation of the time involved in what is really a fairly simple issue . . . ." The judge then awarded wife $1,580 in attorney's fees. Based on the issues involved and the respective abilities of the parties to pay, the award was not unreasonable and the trial judge did not abuse his discretion in making the award.

For these reasons, we find that the trial judge properly modified the monthly spousal support obligation, and the trial judge did not abuse his discretion in awarding attorney's fees to wife.

Affirmed.