# CIRCUIT COURT OF MONTGOMERY COUNTY

William T. Mullen

v.

Arlene Harriet Mullen

February 19, 1999

Case No. V-5977

BY JUDGE RAY W. GRUBBS

The complainant, William T. Mullen (hereinafter husband), and the respondent, Arlene Harriet Mullen (hereinafter wife), were divorced by a final decree entered in this Court on November 19, 1982.

The aforesaid decree incorporated therein a separation agreement executed by these parties on June 30, 1982. The final decree stated as follows:

> that the parties hereto entered into an agreement dated June 30, 1982, a copy of which agreement is attached hereto and the Court does hereby ratify and confirm said agreement by incorporating same in this decree.

Paragraph 7 of said agreement provides that husband pay to wife beginning in 1984 and for every year thereafter the sum of $1,000.00 per month, which is designated as "alimony or spousal support." It further states:

> It is understood and agreed by the parties hereto that should the wife remarry, the payments designated "alimony or spousal support" ... shall cease.

Husband asserts that wife has been habitually cohabiting with another person in a relationship analogous to a marriage for a period in excess of one year commencing after July 1, 1997, and further that a change in circumstances has resulted therefrom. He, therefore, moves the Court, after reinstatement, to terminate or decrease his spousal support obligation.

Wife demurs to said motion alleging that she has not remarried and that a change in circumstances does not constitute grounds for termination or decreasing spousal support as contracted by the parties, even if the allegations in husband's motion are true. For purposes of argument only, wife does not deny that she is a party in a relationship analogous to a marriage as set forth above. She claims spousal support may not be terminated because the separation agreement does not provide for termination based upon habitual cohabitation.

The Supreme Court of Virginia in *Shoesmith v. Scott*, 217 Va. 789 (1977), distinguished a divorce decree approving an agreement without incorporation of the agreement or ordering the husband to perform its obligation from a divorce decree incorporating the agreement or order in the husband to perform its obligations. The former is not enforceable in a divorce suit as the decree is an approval of a private contract. Here, as in the latter, the Court may enforce the agreement as it is part of the divorce decree.

The General Assembly of Virginia in 1997 amended § 20-109 of the Code of Virginia. It states, in part, as follows:

> A. ... Upon order of the court based upon clear and convincing evidence that the spouse receiving support has been habitually cohabiting with another person in a relationship analogous to a marriage for one year or more commencing on or after July 1, 1997, the court may decrease or terminate spousal support and maintenance unless (i) otherwise provided by stipulation or contract ... .

This revision reflects the public policy of this Commonwealth as of July 1997 as to the effect of a party's habitual cohabitation analogous to a marriage as it relates to the termination of, or modification in, spousal support. The phrase, in said section, "unless otherwise provided by stipulation or contract" is the same phrase used in Subsection D and in § 20-109.1 as relates to death or remarriage of the party receiving spousal support.

If the agreement herein were found to be a private contract approved by the Court's decree, such could not be impaired by subsequent legislative enactment. U.S. Const., Art. I, Sec. 10, Cl. 1; Constitution of Virginia, Article

I, § 11. Here, as stated above, the Court may exercise its equitable powers as the agreement is incorporated in the final decree of divorce.

In *MacNelly v. MacNelly*, 17 Va. App. 427 (1993), the issue was the application of the statute, Va. Code § 20-109, to the terms of a separation agreement incorporated in the final decree of divorce, which expressly stated that the death of either party would terminate the support obligation but was silent as to the effect of remarriage. The Court held that § 20-109 required that the agreement contain express language for spousal support to continue after remarriage.

In *Radford v. Radford*, 16 Va. App. 812 (1993), the Court held that § 20-109 contemplated an expressed, not an implied, provision that support shall not terminate upon death or remarriage. Further, the statutory "language contemplates an express, not implied, provision that support shall not terminate upon death or remarriage" and "to permit its mandate to be overcome by support shall not terminate upon death or remarriage" and "to permit its mandate to overcome by implication would introduce ambiguity, encourage litigation and, thereby, undermine the statute's purposes."

This case is similar to *MacNelly*. There, the agreement was silent as to the effect of a wife's remarriage and husband's obligation of spousal support. Here, the agreement is silent as to the effect of wife's habitually cohabiting with a person in a relationship analogous to a marriage.

Here, in applying an analysis similar to *MacNelly*, § 20-109 requires that the agreement contain express language for spousal support to continue after habitual cohabitation. Here, there is no such express language.

Consequently, wife's demurrer is overruled. One cannot infer from the absence of express language an intent that such support payments would continue after such cohabitation.