# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Santa Fe Limited Partnership, L.L.C.

v.

Hollywood Associates, L.L.C.

March 31, 1999

Case No. CL97-2543

BY JUDGE A. BONWILL SHOCKLEY

In Count I of the motion for judgment, plaintiff claims damages for breach of contract. In Count II, plaintiff pleads in the alternative that if no contract existed, he should recover in quantum meruit. Defendant argues these positions are mutually exclusive and the plaintiff should be required to elect which count he wishes to pursue. For the reasons stated below, defendant's motion is overruled.

There are few restrictions or limitations on alternative pleadings. However, "it is well established in Virginia that a litigant will be precluded from taking inconsistent and mutually contradictory positions." *Dickson v. Dickson*, 23 Va. App. 73 (1996). "[A] litigant will not be permitted to assume successively, inconsistent, and mutually contradictory positions" during the ongoing course of litigation. *Berry v. Klinger*, 225 Va. 201 (1983). Thus, the issue is whether pleading breach of contract or in the alternative quantum meruit rises to the level of "mutually contradictory positions."

Defendant cites *Southern Biscuit Co. v. Lloyd*, 174 Va. 299 (1940), for the proposition that "an express contract defining the rights of the parties necessarily precludes the existence of an implied contract of a different nature containing the same subject matter." Thus, the defendant argues that because an express contract and implied contract cannot co-exist, Count I and Count II are inconsistent and the plaintiff must choose one or the other. However, in *Southern Biscuit*, there was undisputably an express contract before the court.

The appellant in *Southern Biscuit* argued that he was entitled to recover on an implied contract, one "outside the contract provisions" of the express contract. The court simply observed that it will not recognize the existence of an implied contract when it has an express one in its hands. Conversely, in the present case, there is an issue of whether an express contract even exists. Plaintiff is arguing that the defendant owes him money because the defendant breached a contract, or at the very least, the defendant owes him money for the value of services rendered. Because of the factual issues that have yet to be resolved, it would be premature to hold that the plaintiff is asserting mutually contradictory positions. Accordingly, the defendant's motion is overruled.