# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Patrick Lynn Russell

v.

Vicki Louise Russell

February 6, 2001

Case No. (Chancery) CH99-2351

BY JUDGE THOMAS S. SHADRICK

This matter comes before the court on husband's Motion to Terminate Spousal Support and Military Retirement Pay to wife. This motion is based upon wife's admitted habitual cohabitation in a relationship analogous to marriage for more than one year. For the reasons set forth below, the court finds that the motion must be granted.

The parties were divorced by a Final Decree entered on October 15, 1999, which decree incorporated their separation agreement. As pertinent here, the separation agreement provides as follows:

> Except as specified otherwise herein, both parties waive irrevocably any claim to spousal support and both parties further waive irrevocably the right to petition any Court for equitable distribution or determination for [sic] title of marital property. The husband shall pay to the wife $800.00 per month as spousal support until he retires from the United States Navy or until the wife remarries, whichever first occurs. . . . The husband shall pay to the wife one-half of his net disposable retirement pay from the United States Navy if, as, and when received each month until the wife remarries.

(Agreement ¶ 9.) Other provisions regarding equitable distribution include a statement that the division of personal property has been arranged; the division of debts on two accounts; and that wife is to receive a vehicle on which the

husband is to make payments. The agreement also contains child support payments with the proviso that "due to other consideration provided in this agreement, any deviation from statutory child support guidelines shall be disregarded." The agreement does not specify when child support payments are to cease. However, the child receiving support will turn eighteen on July 20, 2001.

At issue is the effect of Virginia Code § 20-109(A) (Michie's Interim Supp. 2000), which provides that the court shall terminate spousal support upon clear and convincing evidence of habitual cohabitation with another in a relationship analogous to marriage.[1] However, support may continue if "otherwise provided" in the parties' agreement, or if the payee establishes that termination of support would be unconscionable. *Id.* Since husband in the instant matter has not yet retired, two types of payments to the wife are at issue: (1) the $800.00 per month support payment, and (2) wife's share of husband's retirement pay. Wife argues that the inclusion of a non-statutory terminating event, i.e., husband's retirement, means that the parties implicitly considered the other statutory provisions and chose to exclude them. She also notes that although husband knew of her cohabitation at the time he entered into the agreement, he did not include any provisions regarding the effect of that cohabitation. Wife contends that this also shows the parties implicitly considered the cohabitation and decided not to give it any effect. Therefore, wife argues the agreement "otherwise provides" so that support continues regardless of her cohabitation. The husband argues that the agreement must expressly address cohabitation in order to override the statute and that in the face of silence the statute prevails.

The husband is correct. Although there are no appellate cases addressing what constitutes "unless otherwise provided by stipulation or contract" for termination due to cohabitation, a number of cases address the termination of spousal support due to remarriage, which occurs by operation of law under § 20-109(D). Under these cases, in order for support to continue after remarriage, the agreement must specifically and expressly so indicate. This is because § 20-109(D) is intended to resolve ambiguity and reduce litigation, purposes which would be defeated if the intent to continue support could be implied. See, e.g., *Langley v. Johnson*, 27 Va. App. 365, 370-74, 499 S.E.2d 15 (1998) (also citing cases).

Wife's apparent argument that, because the agreement addresses non-statutory contingencies (i.e., retirement), it was intended to embrace the

---

[1] Since wife admits cohabiting as described by § 20-109(A), the clear and convincing evidence standard is not at issue.

universe of terminating events, therefore excluding cohabitation, is unavailing. The Court of Appeals rejected a similar argument in *MacNelly v. MacNelly*, 17 Va. App. 427, 437 S.E.2d 582 (1993). The agreement in *MacNelly* addressed the effect of death on support, but not remarriage. Wife argued that this showed the parties intended to override the statutory provisions regarding remarriage since one statutory contingency was included and the other was omitted. However, the court held that this was insufficient and that an express reference to remarriage was required in order to give effect to the statute's purpose of eliminating ambiguity and cutting litigation. *Id.* at 430.

Since both the remarriage and cohabitation provisions contain the same limitation of "unless otherwise provided by stipulation or contract," cases on termination due to remarriage apply here by analogy. Under those cases, because the instant agreement is silent on the issue of cohabitation, even though it specifically addresses other terminating contingencies, it does not override the statute. Therefore, spousal support in the instant matter must be terminated unless it is unconscionable.

Wife argues that it would be unconscionable to terminate spousal support because child support in the agreement is $400.00 less than guideline support and that the "only" other consideration in the agreement to support this reduction is spousal support. However, wife ignores the provisions which give her a vehicle and require the husband to make the payments on it and the requirement that he pay a specified debt. Finally, the child will turn eighteen on July 20 of this year and, while there is no information on when she will graduate from high school, assuming that she does not graduate until she is nineteen support should terminate next year at the latest. See § 20-124.2(C) (statutorily required duration of child support). Terminating the $800.00 monthly spousal support payments thus would not be unconscionable.

Whether or not the wife's share of husband's retirement is also terminated by her cohabitation depends upon whether or not that share is support or equitable distribution. Section 20-109 applies only to support, so the payments would continue if they are part of equitable distribution. The only evidence of the nature of the payments is provided by the separation agreement. The agreement ends the $800.00 a month spousal support payment when the husband retires and converts it to one-half of his net disposable retirement pay from the Navy, which terminates when wife remarries.

Virginia courts have generally looked to the terms of the agreement in determining whether or not payments are support or property distribution. The focus is upon the intent and function of the payments. See *Langley*, 27 Va. App. at 369 (citing cases). In *Langley*, for example, the disputed payments were under a heading entitled "Spousal Support and Separate Maintenance."

Along with the payments at issue, that section required the parties to share equally the proceeds of certificates of deposit, and for the husband to maintain a life insurance policy. The parties' other real and personal property were divided in other sections of the agreement. The payments at issue were not tied to any property interest of the parties, were to be annually adjusted according to the consumer price index, and ended with wife's death. The court found that the annual adjustment indicated the payments were for wife's necessities and the termination-at-death provision suggested the payments related to her personal circumstances. Therefore, the payments were in the nature of support. *Id.* at 368-69.

In the instant matter, it appears that the payments out of retirement pay are spousal support. If the payments were part of property distribution, there would be no reason for them to terminate upon wife's remarriage. In addition, the agreement does not require husband to name and maintain wife as a beneficiary under any Survivor Benefit Plan, so that the payments cease upon his death, as with spousal support generally. Finally, there is no requirement that the husband have the wife's share of his retirement pay paid directly to her by the Navy; to the contrary, payment to wife is due only "if, as, and when" he receives it. The provision for the $800.00 payment to cease upon husband's retirement provides a way of modifying support payments after husband's income is presumably changed by retirement. It does not turn the payments into property distribution. Since the share of retirement pay has all the indicia of spousal support payments, rather than property distribution, it is subject to § 20-109 and ceases with wife's cohabitation in a relationship analogous to marriage for over a year.

Accordingly, the court grants husband's motion and orders the termination of spousal support payments, including the payment of a share of husband's retirement pay.