UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges McCullough, Decker and Senior Judge Annunziata

CHARLES SAMUEL HARRIS

v.      Record No. 0006-15-3

PATY DENISE LEONARD HARRIS

MEMORANDUM OPINION*
PER CURIAM
MAY 5, 2015

FROM THE CIRCUIT COURT OF SCOTT COUNTY
John C. Kilgore, Judge

(Timothy W. McAfee; The McAfee Law Firm, on brief), for
appellant.

(Derrick W. Whetzel; Rachel W. Logan; BotkinRose PLC, on brief),
for appellee.

Charles Samuel Harris (husband) appeals an order holding that the trial court did not have

the authority to modify or terminate husband's spousal support obligation to Paty Denise Leonard

Harris (wife). Husband argues that the trial court erred by finding that (1) "the Final Decree of

Divorce entered in this case on April 25, 1995 was a consent Order entered by agreed disposition of

the parties and consequently is the equivalent of a stipulation or contract described in Va. Code

§ 20-109(C);" and (2) "it was without authority to modify or discontinue [husband's] current

support obligation." Upon reviewing the record and briefs of the parties, we conclude that this

appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See

Rule 5A:27.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

The parties were divorced on April 25, 1995. The final decree of divorce stated, in part, "By agreement of the parties and counsel, the defendant shall pay spousal support to the complainant in the following amounts: $300.00 per month beginning on May 1, 1995; $400.00 per month beginning on July 1, 1996; and $500.00 per month beginning on August 1, 1998, to be paid on the first day of each month."

On March 26, 2014, husband filed a motion to modify support.[1] On June 9, 2014, the parties appeared before the trial court[2] and presented evidence that showed husband was retired and his income "has substantially been reduced since the last Court Order," whereas wife's income "has substantially increased." Further, the trial court found that husband did not have the ability to pay spousal support, and wife had the ability to meet her needs. The trial court asked the parties to submit written argument on whether the trial court had the authority to modify spousal support because the final decree was entered pursuant to the parties' agreement.

Both parties submitted written memoranda. In his memorandum, husband discussed the differences between periodic payments and lump sum awards and the court's ability to modify those types of awards. He argued, "Since the spousal support award was in the form of periodic payments, a trial court has jurisdiction to modify the award." Wife argued that the trial court did not have the authority to modify the spousal support obligation because the divorce decree was a stipulation or contract between the parties and there was no language in the decree regarding the modification of spousal support.

---

[1] Initially, the motion to modify support referred to child support. On June 6, 2014, husband filed a motion to amend and clarified that the motion to modify should have referred to spousal support.

[2] There is no transcript for this hearing, but the record includes a written statement of facts.

On December 8, 2014, the trial court entered an order holding that it did not have the authority to modify the spousal support because the final decree of divorce was "the equivalent of a stipulation or contract described in Va. Code § 20-109(C)." Husband did not endorse the final decree, nor did he submit any post-trial motions. This appeal followed.

ANALYSIS

*Assignment of error #1*

For his first assignment of error on appeal, husband argues that the parties' final decree was not a stipulation or contract as contemplated by Code § 20-109(C). Husband raises this argument for the first time on appeal. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."). Accordingly, this Court will not consider husband's first assignment of error.

*Assignment of error #2*

Husband argues that the trial court erred in determining that it was without authority to modify or terminate his spousal support obligation. He contends "the character of the spousal support award in this matter permits modification." He asserts that the language in the final decree allowed for periodic payments, not a lump sum award, and consequently, the trial court could modify the spousal support obligation.[3]

---

[3] Since these arguments mirror the arguments in his written memorandum to the trial court, husband preserved these arguments. See Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (*en banc*).

- 3 -

Husband relies on Mallery-Sayre v. Mallery, 6 Va. App. 471, 474, 370 S.E.2d 113, 115 (1988), which stated that

> A periodic payment is a specified amount payable at designated intervals with the sum total uncertain; the amount of the payment can be modified by the court, if one of the parties can show a change in circumstances, or the amount of payment can be modified by agreement of the parties.

Husband's argument fails, however, because the parties agreed to the spousal support provision. The parties handwrote the language in the final decree that stated, "By the agreement of the parties and counsel." By adding this language, the parties indicated that the spousal support award was an agreement between the parties and not a court award.

In Newman v. Newman, 42 Va. App. 557, 562, 593 S.E.2d 533, 536 (2004) (*en banc*) (quoting Blackburn v. Michael, 30 Va. App. 95, 100, 515 S.E.2d 780, 783 (1999)), the Court stated, "'Code § 20-109(A) empowers trial courts to modify a spousal support award, but Code § 20-109(C) expressly limits the court's authority to modify an agreed upon spousal support award according to the terms of a stipulation or contract signed by the parties.'" It further explained, "Under Code § 20-109.1, a trial court may 'incorporate' by reference contractual provisions into any decree either before or after the entry of a final order. All the more, a trial court may incorporate verbatim the terms of an agreement into the very text of a consent decree." Id. at 563, 593 S.E.2d at 536.

In this case, the final decree of divorce included the terms of the parties' agreement regarding spousal support, so the final decree acted as a stipulation or contract for the parties. Therefore, as discussed in Newman, "[a]bsent equitable grounds warranting rescission, a contract cannot be judicially modified or terminated at the unilateral request of a contract party unless the agreement expressly authorizes such relief. The same is true for a consent decree." Id. at 568-69, 593 S.E.2d at 539. The language in the parties' final decree does not state that the

spousal support can be modified. Accordingly, the trial court did not err in concluding that it did

not have the authority to modify or terminate husband's spousal support obligation.[4]

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.

---

[4] In his opening brief, husband raises additional arguments with respect to his second assignment of error. However, as with his first assignment of error, he raises these arguments for the first time on appeal, and this Court will not consider them. See Ohree, 26 Va. App. at 308, 494 S.E.2d at 488; Rule 5A:18.